IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MATTHEW BISHOP IVEY, #309 856, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 2:17-CV-757-WHA |
|  | ) [WO] |
| RONALD SMITH, BULLOCK | ) |
| COUNTY COMMISSIONER, *et al.*, | ) |
| Defendants. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.   INTRODUCTION

Matthew Ivey ("Ivey"), an Alabama inmate proceeding *pro se* and *in forma pauperis*, brings this 42 U.S.C. § 1983 action seeking damages and payment of his medical bills arising from injuries he sustained while working on a garbage truck. Additionally, Ivey complains he was denied adequate medical care for his injuries while incarcerated at the Bullock County Jail. Named as Defendants are Bullock County Commissioner Ronald Smith, Office Executive Director of the Bullock County Waste Department, Robert Kendrick, Sheriff Raymond Rodgers, and Chief Jailer Curtis Pritchett. Docs. 1, 9. Upon review, the court concludes Ivey's claims against Bullock County Commissioner Ronald Smith, Office Executive Director of the Bullock County Waste Department, and Robert Kendrick are due to be dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[1]

---

[1] Ivey sought leave to proceed *in forma pauperis*. Doc. 2.  The court granted Ivey *in forma pauperis* status except to the extent he was required to pay an initial partial filing fee.  Doc. 3. Ivey filed the requisite initial partial filing. Doc. 6. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## II.   DISCUSSION

**A.   Standard of Review Under 28 U.S.C. § 1915(e)(2)(B)**

Because Ivey is proceeding *in forma pauperis*, the court reviews his complaint under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e) (2), a court is required to dismiss a complaint proceeding *in forma pauperis* if it determines that an action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless."[2] *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993); *accord Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating that a claim is frivolous "where it lacks an arguable basis either in law or in fact"). A claim is frivolous if it "lacks an arguable basis in law or fact." *Neitzke*, 490 U.S. at 325. A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990). Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. A complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v.*

---

[2] A complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

2

*King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).

## B. Commissioner Ronald Smith and Office Executive Director Bullock County Waste Department

Ivey filed suit against County of Bullock Commissioner, "Office Executive Director Bullock County Waste Department," and "Mr. Robert." *See* Doc. 1. On December 13, 2017, the court ordered Ivey to file an amendment to his complaint which named the individuals personally responsible for the alleged violations of his constitutional rights as described in the complaint and which specifically described how each named defendant acted in a manner which deprived him of his constitutional rights. Doc. 8. In Ivey's amendment to the complaint he clarifies the identities of "County of Bullock Commissioner" and "Mr. Robert" as, respectively, Commissioner Ronald Smith and Robert Kendrick. *See* Docs. 9, 11. Despite the admonitions in the court's December 13 order, however, Ivey's amendment fails to allege what actions or omissions Commissioner Ronald Smith or "Office Executive Director Bullock County Waste Department" engaged in which allegedly resulted in a violation of his constitutional rights. *See id.*

"[S]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). This Circuit has held that a court properly dismisses defendants where a prisoner, other than naming the defendant in the caption, states no allegations that associate the defendants with the alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (*citing Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require

3

technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")); *see also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (*per curiam*).  Here, Ivey identifies no affirmative action taken by Defendants Commissioner Smith or "Office Executive Director Bullock County Waste Department," and thus, asserts no connection between the conduct complained of and the actions of these defendants regarding the alleged unconstitutional deprivations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp., v. Twombly*, 550 U.S. 554, 570 (2007)) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

To the extent the basis for Ivey's complaint and amendment to the complaint against Commissioner Smith and "Office Executive Director Bullock County Waste Department" is that Commissioner Smith and the Director of the Bullock County Waste Department are responsible for the conduct of their subordinates, the law is settled that supervisory personnel cannot be held liable under § 1983 for a constitutional violation of one of their subordinates via a theory of *respondeat superior* or on the basis of vicarious liability. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95 (1978) (doctrine of *respondeat superior* is inapplicable to § 1983 actions); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of *respondeat superior* or vicarious liability); *see also Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and

the alleged constitutional deprivation."). Because Ivey fails to allege much less indicate Defendants Commissioner Smith and "Office Executive Director Bullock County Waste Department" were personally involved in the constitutional violations about which he complains or a causal connection exists between these defendants' actions and the alleged constitutional violation, Ivey's complaint and amendment thereto against Commissioner Smith and "Office Executive Director Bullock County Waste Department" is subject to dismissal. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The court also notes the Bullock County Commission and its individual members are absolutely immune from monetary damages for claims arising from the appropriation of funds for the maintenance and operation of a county jail. *See Woods v. Gamel*, 132 F.3d 1417, 1420 (11th Cir. 1998) (holding Alabama county commissioners are entitled to absolute legislative immunity). Neither the county commission nor its individual members are responsible for the day-to-day operation of the Bullock County Jail. Under Alabama law, "an Alabama sheriff acts exclusively for the state rather than for the county in operating a county jail." *Turquitt v. Jefferson Cty., Ala.*, 137 F.3d 1285, 1288 (11th Cir. 1998). "Alabama counties have no duties with respect to the daily operation of the county jails and no authority to dictate how the jails are run." *Id.* at 1291. "Alabama counties [also] are not liable under a theory of *respondeat superior* for a sheriff's official acts that are tortious." *McMillian v. Monroe Cty., Ala.*, 520 U.S. 781, 789 (1997). Accordingly, Ivey's claims against Commissioner Smith are subject to dismissal on this basis as well. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C. Robert Kendrick**

According to Ivey's complaint, Robert Kendrick ("Kendrick") is an employee of the waste department in Union Springs, Alabama. On July 5, 2017, Kendrick was working a garbage pickup

5

detail with Ivey. Ivey maintains Kendrick, the driver of the garbage truck, was talking on his cell phone and not paying attention. Kendrick's inattention caused him to drive past a garbage can. On realizing his mistake, Kendrick slammed the brakes causing Ivey to be thrown to the side.  Ivey complains the injuries he sustained resulted from Kendrick's negligence in the performance of his job duties. Docs. 1, 9.

The law is settled that mere negligence resulting in unintended loss of or injury to life, liberty, or property does not implicate the due process clause and will not support an action under § 1983.  *Daniels v. Williams*, 474 U.S. 327 (1986).  The protections of the Constitution "are just not triggered by lack of due care by [government actors]."  *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Hernandez v. Florida Dept. of Corrections*, 281 Fed. App'x. 862, 866 (11th Cir. 2008) ("Allegations of negligent conduct do not state a constitutional claim and thus, are not actionable under § 1983."). "Individuals do not have a constitutional right (1) to be free from a government employee's negligence, even if it causes an injury or (2) to have the government protect them from such an injury." *Davis v. Corrections Corp. of Am.*, 2008 WL 539057, at *3 (N.D. Fla., Feb. 22, 2008) (*citing Daniels*, 474 U.S. 327). Thus, the alleged negligent action by Kendrick about which Ivey complains does not rise to the level of a constitutional violation and, therefore, provides no basis for relief in this 42 U.S.C. § 1983 action.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against Defendants Commissioner Ronald Smith, "Office Executive Director Bullock County Waste Department," and Robert Kendrick be DISMISSED without prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii);

2. Plaintiff's claims against the remaining defendants be referred to the undersigned for further proceedings.

It is further

ORDERED that **on or before February 27, 2018**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 13th day of February 2018.

/s/   Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE