IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MATTHEW BISHOP IVEY, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:17-cv-757-WHA-WC |
| ) | [WO] |
| RAYMOND RODGERS, SHERIFF, *et al.*, ) | |
| ) | |
|     Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.  INTRODUCTION

Plaintiff, Matthew Ivey ["Ivey"] filed this 42 U.S.C. § 1983 action on November 6, 2017, while incarcerated at the Limestone Correctional Facility.[1] This matter is before the court on Ivey's complaint and amendment to the complaint in which he challenges the medical care and treatment provided to him during his incarceration at the Bullock County Jail for injuries he sustained on July 5, 2017, while on a work release detail. Named as defendants are Sheriff Raymond Rogers and Chief Jailer Curtis Pritchett.[2] Ivey requests damages and payment of his medical bills. Docs. 1, 9.

Defendants filed an answer, special report, and supporting evidentiary materials addressing Ivey' claims for relief. Doc. 34. In these filings, Defendants deny they acted

---

[1] During the pendency of this action Ivey was released from custody. Doc. 42.

[2] In accordance with the prior orders, opinions, and proceedings of the court, Ivey's claims against Defendants Commissioner Ronald Smith and Robert Kendrick were dismissed and these individuals were terminated as parties to this action. Docs. 12, 16.

1

in violation of Ivey's constitutional rights and argue this case is due to be dismissed because prior to filing this cause of action Ivey failed to properly exhaust an administrative remedy available to him at the Bullock County Jail ["BCJ"] regarding the claims in the complaint and amendment thereto. *Id*. Defendants base their exhaustion defense on Ivey's failure to file an appeal from any grievance submitted regarding his claims he was denied constitutionally adequate medical care and treatment for the injuries he suffered while on a work release assignment. Doc. 34 at 6–8; Docs. 34-1, 34-2, 34-4, 34-5, 34-6.

The court provided Ivey an opportunity to file a response to Defendants' report and advised him he must specifically address Defendants' argument that "he [] failed to fully exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA")." Doc. 37 at 1 (footnote omitted). The order advised Ivey that his response should be supported by affidavits or statements made under penalty of perjury and other evidentiary materials. Doc. 37 at 3. This order further cautioned Ivey that unless "sufficient legal cause" is shown within fifteen days of entry of this order "why such action should not be undertaken, the court may at any time [after expiration of the time for his filing a response to this order] and without further notice to the parties (1) treat the special report and any supporting evidentiary materials as a [dispositive] motion . . . and (2) after considering any response as allowed by this order, rule on the motion in accordance with law." Doc. 37 at 4.  Ivey has not filed a response to Defendants' report.

The court will treat Defendants' special report as a motion to dismiss regarding the exhaustion defense and resolve this motion in Defendants' favor. *Bryant v. Rich*, 530 F.3d 1368, 1374–75 (11th Cir. 2008) (internal quotations omitted) ("[A]n exhaustion defense . . . is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."); *see also Trias v. Fla. Dep't of Corrs.*, 587 F. App'x 531, 534 (11th Cir. 2014) (holding that the district court properly construed a defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies").

## II. STANDARD OF REVIEW

### A. Exhaustion

In addressing the requirements of 42 U.S.C. § 1997e exhaustion, the Eleventh Circuit has

> recognized that [t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court. This means that until such administrative remedies as are available are exhausted, a prisoner is precluded from filing suit in federal court.

*Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1279 (11th Cir. 2001) (citations and internal quotations omitted). Furthermore, "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case," and that cannot be waived. *Myles v. Miami-Dade Cty. Corr. & Rehab. Dep't*, 476 F. App'x 364, 366 (11th Cir. 2012) (quoting *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004)).

3

> When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.  If the complaint is not subject to dismissal at this step, then the court should make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Myles*, 476 F. App'x at 366 (citations and internal quotations omitted).  Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing].  The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record." *Trias*, 587 F. App'x at 535. Based on the foregoing, the Eleventh Circuit has rejected an inmate-plaintiff's argument that "disputed facts as to exhaustion should be decided" only after a trial either before a jury or judge. *Id*. at 534.

## III.    DISCUSSION

Ivey challenges the provision of medical care and treatment received at BCJ following an accident with injury sustained while he was on a work release detail.  In response to the complaint and amendment to the complaint, Defendants assert this case may be dismissed because Ivey failed to properly exhaust the administrative remedy provided by the jail prior to filing this action as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The PLRA compels proper exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint.  Specifically, 42 U.S.C.

§ 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "The PLRA strengthened [the exhaustion] provision [applicable to inmate complaints] in several ways. Exhaustion is no longer left to the discretion of the district court, but is mandatory. Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards. Indeed, as [the Supreme Court] held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought–monetary damages–cannot be granted by the administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (internal citation omitted).

Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998). "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016). However, "[a] prisoner need not

exhaust remedies if they are not 'available.'" *Id*. at 1855. Generally, a remedy is "available" when it has "'sufficient power or force to achieve an end,' [or is] 'capable of use for the accomplishment of a purpose[.]'" *Booth*, 532 U.S. at 737. Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id.* at 90–91, 93. The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. *Id.* at 83–84; *Bryant*, 530 F.3d at 1378 (To exhaust administrative remedies under the PLRA, prisoners must "properly take each step within the administrative process."); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (holding that inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the

PLRA); *Higginbottom*, 223 F.3d at 1261 (holding that inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012).

It is undisputed that BCJ provides an administrative remedy for inmate complaints in an inmate grievance procedure and this remedy was in effect during Ivey's incarceration at BCJ. The grievance procedure allows an inmate to submit grievances to the jail administrator or a correctional officer who attempts to resolve the grievance. If the jail administrator cannot resolve the grievance, the grievance is forwarded to the Bullock County Sheriff for resolution. Grievances resolved by the jail administrator are also forwarded to the Bullock County Sheriff for review. The Detention Facility Administrator reserves the final decision on inmate grievances. The decision of the Detention Facility Administrator may be appealed in writing to the Bullock County Sheriff within seventy-two (72) hours of the inmate's receipt of the grievance decision. Doc. 34-2.

The court granted Ivey an opportunity to respond to the exhaustion defense raised by Defendants in their motion to dismiss. *See* Doc. 37. Ivey filed no response. With no stated opposition, and on the record before it, the court finds Ivey had an available grievance system at BCJ, but he failed to exhaust the administrative remedy available to him. Ivey does not dispute his failure to exhaust the grievance procedure regarding the

provision of medical care he received at BCJ. And the unrefuted record before the court demonstrates Ivey failed to exhaust the administrative remedy available to him at the facility regarding his allegations prior to seeking federal relief, a precondition to proceeding in this court on his claims. Defendants' motion to dismiss for failure to exhaust is therefore due to be granted. *Woodford*, 548 U.S. at 87–94.

Ivey is no longer incarcerated. The facility administrative remedy procedure is, therefore, no longer available to him. Under these circumstances, dismissal with prejudice is appropriate. *Bryant*, 530 F.3d at 1375 n.1; *Johnson*, 418 F.3d at 1157; *Berry v. Keirk*, 366 F.3d 85, 88 (2d Cir. 2004) (footnotes omitted) (holding that an inmate's "federal lawsuits [were] properly dismissed with prejudice" where previously available administrative remedies had become unavailable and no circumstances justified the failure to exhaust).

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' motion to dismiss (Doc. 34) be GRANTED to the extent Defendants seek dismissal of this case due to Plaintiff's failure to properly exhaust an administrative remedy available to him at the Bullock County Jail prior to initiating this cause of action;

2. This case be DISMISSED with prejudice under 42 U.S.C. § 1997e(a) for Plaintiff's failure to properly exhaust an administrative remedy available to him while incarcerated at the Bullock County jail; and

3.  No costs be taxed.

It is further

ORDERED that **on or before May 19, 2020**, the parties may file an objection to the Recommendation. The parties are advised they must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed factual findings and legal conclusions in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 5th day of May, 2020.

                                      /s/ Wallace Capel, Jr.
                                      WALLACE CAPEL, JR.
                                      CHIEF UNITED STATES MAGISTRATE JUDGE